UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 2: 11-18-DCR |
| V. | ) ) | |
| VICTOR SCHARSTEIN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 21, 2012, the Court received correspondence and other materials from James Blue Thunder, an individual seeking to be appointed as the "next friend" of Defendant Victor Scharstein. In relevant part, Mr. Blue Thunder requested permission to file pleadings on behalf of his "cell mate and friend," Victor Scharstein. In denying that request, the Court noted that, individuals who are not licensed to practice law may not assert the status of "next friend" as an artifice for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978). Additionally, the Court noted that Mr. Blue Thunder has not demonstrated good cause in support of his request.[1]

Unhappy with the Court's determination, Mr. Blue Thunder requests reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 68] He contends that the plain language of 28 U.S.C. § 2242 does not require that he obtain a law license to file materials

---

[1] Mr. Blue Thunder sought to represent the defendant because, he claimed, Scharstein "is not knowledgeable on the law or its procedures."

-1-

as the defendant's next friend. Thus, he contends that the Court's earlier ruling was erroneous. Next, he cites *Whitmore v. Arkansas*, 495 U.S. 149 (1990), in support of his argument that *Weber, supra,* should not be followed with respect to this issue. And for good measure, Mr. Blue Thunder makes a veiled threat that, unless his request is granted, he will make assertions of judicial misconduct as he did in a matter pending in the United States Court of Appeals for the Ninth Circuit.

Having once again reviewed this matter, the Court will deny the request for reconsideration. Defendant Victor Scharstein has not demonstrated that he is unable or incapable or filing a habeas motion without appointment of a "next friend." The defendant, in fact, signed the original letter/request. And based on earlier observations of and interaction with the defendant, the Court concludes that he is able to file documents on his own behalf.

The Court again finds the Fifth Circuit's holding in *Webb* to be relevant to the present motion.

> Over the years, a small body of case law has developed around the question of when a "next friend" application is appropriate. Three principles . . . can be distilled from the precedents. First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without justification to consider the petition.

570 F.2d at 513-514 (citations omitted).

This case does not present a circumstance where next friend status should be recognized by the Court. Further, *Whitmore v. Arkansas, supra*, does not dictate a contrary result. As the Court noted in *Whitmore*, next friend status is by no means granted automatically to whomever seeks to pursue an action on behalf of another. The individual must provide an adequate explanation such as inaccessibility, mental incompetence, or some other disability, demonstrating why the real party in interest cannot appear on his own behalf and prosecute his claims. Additionally, the proposed "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. The burden is on the "next friend" to establish the propriety of his status. *Whitmore*, 495 U.S. at 162-64. Here, Mr. Blue Thunder falls woefully short in meeting his burden.

*Even if* sufficient grounds had been presented indicating that the defendant was unable to pursue a habeas claim on his own behalf, the Court would not conclude that Mr. Blue Thunder would qualify for next friend status. Mr. Blue Thunder asserts that he current shares the same two-man room with the defendant and that he and the defendant have become close friends. However, if true, both of these circumstances could quickly change. During periods of incarceration, friendships develop, but they also fade away. And unfortunately, today's friend might become tomorrow's enemy. Likewise, neither Scharstein nor Mr. Blue Thunder can control decisions made by the Bureau of Prisons regarding placement of prisoners. They may be cell mates today but in different institutions tomorrow.

Finally, the fact that Mr. Blue Thunder has filed other prisoner actions does not support his claim that he should be allowed to represent the defendant as a next friend in this case. If anything, this assertion indicates that he is the type of lay writ writers who should not be appointed even if such an appoint were appropriate. In this case, appointment is not appropriate for all of the reasons outlined above.

Accordingly, it is hereby

**ORDERED** that the Motion to Amend or Alter Judgment [Record No. 68] is **DENIED**.

This 17th day of September, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge