UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 11-018-DCR |
| | ) | Civil Action No. 2: 13-7264-DCR-EBA |
| V. | ) | |
| | ) | |
| VICTOR SCHARSTEIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Victor Scharstein's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 72] For the reasons explained below, the motion will be denied.

The defendant was indicted on March 10, 2011, and charged with violating 18 U.S.C. § 922(g)(1). More specifically, the indictment alleged that Scharstein possessed a 5.56 millimeter semiautomatic rifle after being convicted of a felony. [Record No. 12] Scharstein subsequently entered a guilty plea to the charge in accordance with a written Plea Agreement. [Record Nos. 28, 29] In relevant part, paragraph 7 of the Plea Agreement provided that the defendant waived the right to appeal and collaterally attack his guilty plea, conviction and sentence. [Record No. 29] On October 3, 2011, Scharstein was sentenced to a term of imprisonment of 37 months, to be followed by a term of supervised release of two years. [Record No. 44]

On October 17, 2011, Scharstein filed a Notice of Appeal in violation of the explicit terms of his Plea Agreement. [Record No. 46] However, the appeal was voluntarily dismissed

on July 17, 2012, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. [Record No. 65] Following this dismissal, an alleged cell mate/friend attempted to file motions on Scharstein's behalf. That attempt was unsuccessful based on the Court's conclusion that James Blue Thunder was not authorized to practice law and could not represent the defendant as his "next friend." [Record No. 69]

The defendant retained Covington attorney Dennis C. Alerding to represent him with respect to the original charge. However, Scharstein's current motion for collateral relief was filed by Louis Sirkin, the defendant's newly-retained counsel, on February 25, 2013. [Record No. 72] The § 2255 motion was referred to United States Magistrate Judge Edward B. Atkins in accordance with local practice. On August 9, 2013, Magistrate Judge Atkins filed a Report and Recommendation in which he recommended that the Court deny the defendant's motion to vacate, set aside, or correct his sentence. [Record No. 89] The parties were given fourteen days following the service of the Report and Recommendation to file objections. The magistrate judge also advised the parties that failure to file objections would result in waiver of any further appeal of the issues raised in the defendant's motion. The time for filing objections has now expired with neither party objecting to any matter contained in the magistrate judge's Report and Recommendation.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, as the magistrate judge warned, a party who fails to file objections to proposed findings of fact and recommendations waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, Magistrate Judge Atkins specifically addressed Scharstein's argument that his counsel's ineffectiveness resulted in a guilty plea that was not made voluntarily and intelligently. [Record No. 89, pp. 2-10] And in the context of this argument, he evaluated the defendant's claim that his trial attorney – Dennis Alerding – failed to conduct a proper investigation and discover allegedly false information which Scharstein claims was included in the affidavit supporting the search of his premises. Regarding this issue, the magistrate judge concluded – and the undersigned agrees – that Scharstein has not demonstrated that the outcome would have changed if the allegedly false information has been known at an earlier point in the proceedings. [*Id.* at 5-10] Even if the information which Scharstein claims was false had been removed from the affidavit supporting the search warrant, probable cause would still have supported issuance of the warrant. In addition to the foregoing matters, Magistrate Judge Atkins properly evaluated the effect of the waiver provision contained in Scharstein's Plea Agreement. [*Id.* at 10-12]

The undersigned will also decline to issue a Certificate of Appealability. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 22253(c)(2). Where the denial of relief is based on the merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, when the denial is based on a procedural ruling, the movant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Here, for the reasons outlined in the magistrate judge's Report and Recommendation, Scharstein has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that this Court resolution of the issues raised in his motion is dabatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further. And based on his failure to file objections the Report and Recommendation, he cannot show that jurist of reason would find this Court's conclusion that he has waived the right to proceed further to be incorrect. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation [Record No. 89] is **ADOPTED** in full and **INCORPORATED** herein by reference.

2. Defendant Victor Scharstein's Motion to Vacate, Set Aside, or Correct his Sentence [Record No. 72] is **DENIED**.

3. The defendant's habeas proceeding filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A separate Judgment shall be entered this date.

This 9th day of September, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge